**In re GREYLAWN FOODS, INC., Debtor.**

**GREYLAWN FOODS, INC., Plaintiff,**

**v.**

**ROGER WILLIAMS FOODS, INC., GL Poultry, Inc., and Scott Laurans, Defendants.**

**Bankruptcy No. 8500268.**
**Adv. No. 850059.**

United States Bankruptcy Court, D. Rhode Island.

Oct. 18, 1985.

---

**3.** It does not appear that 11 U.S.C. § 109(f)  would delay the debtors' refiling.

Harold H. Winsten, Feiner and Winsten, Providence, R.I., for plaintiff.

Max Wistow, Robert S. Bruzzi, Wistow, Barylick & Bruzzi, Inc., Providence, R.I., for defendants.

Nathan T. Wolk, Lane & Altman, Boston, Mass., for Creditors' Committee.

ARTHUR N. VOTOLATO, JR., Bankruptcy Judge.

### DECISION AND ORDER

◼ A hearing was held on October 7, 1985 on the plaintiff-debtor's motion for a temporary restraining order[1], at which time the plaintiff, the defendants and the creditors' committee were represented by counsel.[2] Throughout the hearing, despite repeated admonitions by the Court, all counsel persisted in extending the testimony and especially the rhetoric, far beyond the normal parameters of such a proceeding, to the extent that it was necessary to continue what should have been a brief hearing until October 8, 1985 for the taking of further testimony.

◼ Under the circumstances, where an extensive evidentiary hearing has already been held (at the insistence of the parties), it is appropriate to rule on both the plaintiff's motion for a temporary restraining order, and its complaint for a preliminary injunction. Although this matter was scheduled and heard on short notice (as it must be with a request for a temporary restraining order) it was apparent from their presentation at the hearing that the defendants had ample notice and opportunity to adequately oppose the complaint for a preliminary injunction, and as noted critically above, the hearing was so drawn out that no element of surprise or disadvantage can be asserted by any party. While no preliminary injunction may be issued without notice to the adverse party (Fed.R.Civ.P. 65(a)), "the sufficiency of the notice ... under the particular circumstances of each case, is a matter for the determination of the trial court in the exercise of a sound discretion." 7 J. Moore, *Moore's Federal Practice* ¶ 65.04[3], at 65–55 (2d ed. 1985).

◼ The undisputed testimony clearly establishes that the defendants continue to use and occupy the premises leased by the plaintiff (under an agreement with an individual who is not a party to the present dispute), after the expiration of an option agreement executed by the parties on February 8, 1985. The facility is specially suited for the storage, handling and distribution of raw poultry.

Defendants, who are holdovers in the debtor's premises by virtue of their decision not to exercise the purchase option contained in the February 8, 1985 agreement, have made the ludicrous offer to vacate by November 30, two days after Thanksgiving day. If permitted, this would of course totally preclude the debtor

---

1. Pursuant to Fed. R. Civ. P. 15(b), at the conclusion of the hearing we granted the plaintiff's motion to amend its prayer for relief, to conform to the issues raised and the evidence presented.

2. The defendants' request that this Court abstain from deciding this matter is denied. Under the facts as presented here, with need for an immediate determination of the rights and obligations of the parties, abstention would be tantamount to an abdication of our responsibility.

from sharing in business and profits from probably the most lucrative season for those engaged in any aspect of the poultry business. It is this Court's intention to afford, as far as given time constraints permit, both the debtor and the defendants the opportunity to take fullest advantage of the fast approaching busy season. Admittedly, this is not a problem-free solution, and although there are, without question, logistical difficulties to be dealt with by both Greylawn and Roger Williams in relocating, setting up, etc., these are both well established business entities, experienced and sophisticated in their respective operations. To allow the defendants to remain in possession until Thanksgiving, and to keep the debtor out of possession until after Thanksgiving, would leave all the gravy to the defendants, parties with the least going for them in the way of equity, or potential exposure to economic harm.

After considering the evidence and memoranda, and weighing the relative equities, it appearing (with respect to the pressing issue before us) that no adequate remedy exists at law, in order to prevent immediate irreparable harm to the debtor, pursuant to 11 U.S.C. § 105 and Bankruptcy Rule 7065 (which incorporates Fed.R.Civ.P. 65), it is *ordered:*

 1. that the defendants be restrained and enjoined from using or occupying the premises at 170 Printery Street, Providence, Rhode Island, after November 1, 1985.

*See* 7 J. Moore, *Moore's Federal Practice* ¶ 65.04[1] (2d ed. 1985) for a discussion of cases where it was held proper for a court to issue an injunction which compelled the defendant to take affirmative action.

In addition, as consented to by the defendants, it is also *ordered:*

 2. that the defendants be immediately restrained and enjoined from making any sale of poultry to any person, firm or corporation which, prior to February 8, 1985, was a customer of the plaintiff, but not of the defendants;

 3. that the defendants be immediately restrained and enjoined from making any purchase from any person, firm or corporation which, prior to February 8, 1985, was a supplier of the debtor, but not of the defendants; and

 4. that the defendants keep an accurate account of any monies received after September 30, 1985 as a result of the sale of poultry to any customers which were common to both the plaintiff and the defendants as of February 8, 1985.[3]

The defendants should immediately begin taking all steps necessary to vacate the premises at 170 Printery Street on or before November 1, 1985, and should expect the imposition of substantial sanctions, should they fail or refuse to vacate the debtor's premises as ordered.

In the interest of expedition, and because an answer is required in less time than it would take for us to reduce our reasons to writing in more extensive fashion, and to afford the defendants the maximum time within which to vacate prior to November 1, 1985, this order is entered now, without formal findings of fact and conclusions of law. Action on Counts II through IV of the plaintiff's complaint, where time is not of the essence, is deferred pending further hearing.

---

3. The names of suppliers and customers which, as of February 8, 1985, were doing business with the plaintiff, but not the defendants, and the names of customers common to the plaintiff and the defendants as of February 8, 1985, are contained in the memoranda and exhibits submitted by the parties, and are part of the record.